UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 22-cv-05831 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

  Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison and medical officials at Salinas Valley State Prison ("SVSP") where he is currently incarcerated. Dkt. No. 1. On March 20, 2023, the Court screened the complaint and found some cognizable claims and dismissed some claims with leave to amend; claims against several Defendants in their official capacity were dismissed as barred by the Eleventh Amendment. Dkt. No. 8. Plaintiff was advised that failure to respond in the time provided would result in this matter proceeding on the cognizable claims and all other claims being dismissed with prejudice. *Id.* at 15. The time to file an amended complaint has passed without a response from Plaintiff. Accordingly, this matter shall proceed as discussed below.

///

**DISCUSSION**

I. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II. **Plaintiff's Claims**

Based on the allegations in the complaint, the Court found the complaint stated the following cognizable claims: (1) excessive force claims against Defendants Guijarro and John Doe No. 3 (lieutenant); (2) deliberate indifference to serious medical needs against Defendants Serrato, and John Does Nos. 1, 2, 4, 5, 7, and 8; and (3) supervisor liability claim against Defendant Sgt. John Doe No. 6. Dkt. No. 8 at 15. Accordingly, this action shall proceed on these claims as discussed in the Court's initial screening order.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at

642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Here, it appears that Plaintiff may be able to identify the appropriate Defendants by name through discovery. Therefore, Plaintiff shall be given an opportunity to identify John Doe Defendants through discovery and file a motion to amend to add their proper names to this action in the time provided below.

All other claims shall be dismissed with prejudice for failure to state a claim for relief, and the relevant Defendants shall be terminated from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following claims are **DISMISSED with prejudice** for failure to state a claim for relief: (1) ADA and/or RA claim against SVSP; (2) elder abuse claim under state law; (3) retaliation claim against Defendants Dominguez, Guijarro, and Tapia; (4) due process claim against Defendant Tapia; and (5) supervisor liability claim against Defendant Allen.

The Clerk shall terminate Defendants SVSP, Warden Trent Allen, Officer Dominguez, and Officer Tapia from this action as there remain no claims against them.

2. The following Defendants shall be served at Salinas Valley State Prison:

   a. **Officer Guijarro**
   b. **Officer Serrato**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order, Dkt. No. 8, this order of service, and a CDCR Report of E-Service Waiver form.  The clerk also shall serve a copy of this order on the plaintiff.

3

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Does Nos. 1, 2, 4, 5, 7, and 8; and Sgt. John Doe No. 6, and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

5

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  ___**May 3, 2023**____

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism and of Service
PRO-SE\BLF\CR.22\05831Washington_svc

6