UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br>        Plaintiff,<br><br>    v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br>        Defendants. | Case No. 22-cv-05831 BLF (PR)<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE DEFENDANT; OF SERVICE ON DEFENDANT RUIZ; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 41) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison and medical officials at Salinas Valley State Prison ("SVSP") where he is currently incarcerated. Dkt. No. 1. This matter is proceeding on the following cognizable claims: (1) excessive force claims against Defendants Guijarro and John Doe No. 3 (lieutenant); (2) deliberate indifference to serious medical needs against Defendants Serrato, and John Does Nos. 1, 2, 4, 5, 7, and 8; and (3) supervisor liability claim against Defendant Sgt. John Doe No. 6. Dkt. No. 8 at 15. Plaintiff was ordered to identify the name of John Doe No. 3 through discovery or face dismissal of the claim against this Doe Defendant. Dkt. No. 14 at 5.

Plaintiff has filed a motion to substitute John Doe No. 3 with Lt. J. Ruiz, as

provided by the Defendants' counsel. Dkt. No. 41. The motion is **GRANTED**. All references to "John Doe No. 3" throughout the complaint shall be substituted with Defendant J. Ruiz's name.

The Court orders service of this matter on Defendant Ruiz as set forth below. Briefing shall proceed in accordance with the schedule set forth below. Defendant Guijarro's summary judgment motion shall be filed in the same time set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following Defendant shall be served at Salinas Valley State Prison:

    a. **J. Ruiz (Lieutenant)**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order and order of service, (Dkt. Nos. 8, 14), this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

2

each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. No later than **ninety-one (91) days** from the date this order is filed, Defendants Guijarro and Ruiz shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

3

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 41.

**IT IS SO ORDERED.**

Dated: _July 26, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Mot. To Substitute; Svc
PRO-SE\BLF\CR.22\05831Washington_svc.Ruiz